IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAMON MUNGIA, #1637142,<br>　　　Plaintiff, | §<br>§<br>§ | |
| v. | § | 3:12-CV-1025-M-BK |
| | § | |
| JOHN DOES, Involved in Collin County<br>Case #366-80308-99,<br>　　　Defendants. | §<br>§<br>§<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for screening. For the reasons that follow, it is recommended that this action be dismissed as barred by the three-strike provision of 28 U.S.C. § 1915(g).

## I.  BACKGROUND

Plaintiff, a state inmate, filed a *pro se* civil rights complaint against unknown individuals involved in his criminal prosecution in Collin County. (Doc. 3 at 1). Plaintiff neither paid the filing fee nor sought leave to proceed *in forma pauperis*. The Court did not issue process pending preliminary review of the 27 cases Plaintiff has filed in federal districts courts in Texas since 2009.

## II.  DISCUSSION

28 U.S.C. § 1915(g), the "three-strike" provision of the Prison Litigation Reform Act (PLRA), precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court which were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim. *Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007). The

United States Court of Appeals for the Fifth Circuit has upheld the constitutionality of the three-strike provision. *Carson v. Johnson*, 112 F.3d 818, 821 (5th Cir. 1997).

Plaintiff has accrued three strikes under section 1915(g). The United States District Courts for the Eastern and the Southern Districts of Texas previously dismissed four of his non-habeas civil actions as frivolous under 28 U.S.C. §§ 1915(e)(2)(B) and/or 1915A(b). *See Mungia v. Cevington*, No. 4:09cv174 (E.D. Tex. May 21, 2009); *Mungia v. Douglas*, No. 4:09cv285 (E.D. Tex. Oct. 8, 2009); *Mungia v. Doe*, No. 4-09-1452 (S.D. Tex. Nov. 6, 2009); and *Mungia v. Brewer*, No. 4:09cv391 (E.D. Tex. Nov. 10, 2009).[1]

Having accumulated three "strikes," section 1915(g) precludes Plaintiff from proceeding in this action *in forma pauperis* unless he alleges a claim of "imminent danger of serious physical injury" at the time of filing the complaint. *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). Even when liberally construed, the complaint presents no claim that Plaintiff was in danger of any physical injury at the time of filing the same. *See Carson v. Johnson*, 112 F.3d 818, 822-823 (5th Cir. 1997). As noted above, the complaint alleges only claims related to his criminal prosecution in Collin County. Therefore, because Plaintiff alleges no claim of imminent danger of serious physical injury, he should be barred from proceeding *in forma pauperis* under section 1915(g). *See Adepegba*, 103 F.3d at 388.

---

[1] Although Plaintiff filed these cases while confined at the Collin County Detention Center, he was subsequently transferred to the Texas Department of Criminal Justice, Correctional Institutions Division, under the same prisoner number as in this case. *See Mungia v. Brewer*, No. 4:09cv391 (E.D. Tex.) (cover letter attached to Doc. 29 reflecting TDCJ # 1637142); *Mungia v. Doe*, No. 4-09-1452 (S.D. Tex.) (envelope submitted with Doc. 36 reflecting TDCJ #1637142).

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that this action be **DISMISSED** as barred by the three-strike provision of 28 U.S.C. § 1915(g).  Such dismissal is with prejudice to the refiling of an *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit with full payment of the $350.00 filing fee.

SIGNED April 10, 2012.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE